Points decided.

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* THE EMPIRE GOLD AND SILVER MINING COMPANY, AND IMPROVEMENTS ON LAND.

33   171
97   182
33   171
135   29

Transcript on Appeal.—The Clerk's minutes of the trial are no part of the transcript on appeal. The matters therein contained could only be made part of the record in the mode prescribed by the Practice Act. *Moore* v. *Del Valle*, 28 Cal. 174, *Harper* v. *Minor*, 27 Cal. 107, and *Abbott* v. *Douglass*, 28 Cal. 299, are cited as authority.

Motion to Strike Out.—A motion, made to strike out portions of a complaint, that does not specifically point out the objectionable matter, is too general, and the Court might properly deny the motion on that ground.

Assessment Roll.—The object of a description of property in an assessment roll is to clearly identify the property assessed. An assessment roll which describes minutely each particular piece of improvement on land assessed, with the value of each, separately stated, in a column of item figures, so arranged that there can be no mistake as to the property intended to be assessed, and where, in addition, the aggregate value of the same is stated under the general head "Value of improvements on lands," is clearly sufficient.

Idem.—Where the description of the property assessed is placed under the head "Improvements on land," and the aggregate value of the same is carried out in figures, preceded by the dollar mark, under the general head of "Value of improvements on lands," the assessment is correctly made.

Idem.—Where the figures representing the *aggregate* value of the property assessed are placed in the column headed by "Value of improvements on lands," and preceded by the dollar mark, such an assessment is not void in consequence of the omission of the dollar mark preceding the figures in the column representing the *separate values* of the items, for if the aggregate figures represent dollars, so also the smaller sums, in figures, which go to make up those in the aggregate, must represent dollars.

Conflict of Testimony.—Where the record discloses a conflict of testimony, and that there was *some* testimony showing that the Assessor had done everything necessary to make a valid assessment, such an assessment will not be held fatally defective on appeal.

Dollar Marks.—Where, in an item column of figures, the dollar mark is prefixed to some, but not to all the items, *Held*, that all the figures standing in the same column and in the same relation to other similar items, must be construed to be dollars, without a repetition of the mark before each.

Appeal from the District Court, Sixteenth Judicial District, Mono County.

This was an action instituted under the General Revenue Laws for the recovery of State and county delinquent taxes, levied upon the defendants in Mono County, for the fiscal year A. D. 1866.

The defendants, upon their first appearance in the action, moved to strike out portions of plaintiffs' complaint. The motion, which was in writing, described the portions sought to be stricken out in these terms, to wit: " Every allegation and expression therein contained, (complaint,) showing and alleging the valuation of improvements on land, and other property therein described," etc.

The action was tried in said District Court, and the People had judgment, from which, and an order of the District Court denying their motion for a new trial, the defendants appealed.

The other facts are stated in the opinion of the Court.

*W. M. Seawell*, for Appellants, argued that the defendants' motion to strike out portions of the complaint should have prevailed, because the Revenue Act of 1863 (Statutes 1863, p. 722) prescribes the form of a complaint for the recovery of delinquent taxes, and in that form the *valuation* of the property is not required to be stated; and cited *People* v. *Hastings*, 26 Cal. 668. That the assessment upon which the judgment is based is invalid, because not made in conformity with the provisions of the Revenue Act. As to the rule in such cases, *Moss* v. *Shear*, 25 Cal. 46, is cited. When one owns several tracts or parcels of land, they should be listed and valued separately, else the proceeding will be void. (Blackwell on Tax Titles, 176.) Conceding for the argument, that the figures in the column headed " improvements upon lands " which were prefixed by the dollar mark, expressed the aggregate value of all the improvements set out under the head of " description of property," yet there is no *separate listing and valuation* of the improvements upon the several tracts of land mentioned in the assessment. The other figures, not prefixed by the dollar mark, express nothing as to the description or value of the several parcels of property mentioned in the list. (*The People* v. *San Francisco Savings Union*, 31 Cal. 132.)

*J. G. McCullough, Attorney-General*, for the People, argued

that there was no error in refusing to strike out portions of the complaint. The form of the complaint follows the statutory form closely, except certain valuations, which are mere matters of description to identify the separate pieces of property, in which the statute (See 2 Hittell, Art. 6,189) gives the pleader the largest latitude. There is nothing in the point, that there was not in the assessment a separate valuation of the improvements on each tract of land. It has been expressly held that improvements may be assessed under a gross valuation, in general terms. (*People* v. *Rains*, 23 Cal. 129, 130, 133 ; *People* v. *Leet*, Ib. 161.) As to the absence of the dollar mark—the defect, if it existed, was cured by the action of the proper officers, taken in the proper time under the Act of 1865–6. (Stats. 1865–6, p. 5.)


By the Court, SAWYER, J. :

The Clerk's minutes of the trial are no part of the transcript on appeal. The matters therein contained could only be made a part of the record on appeal in the mode prescribed by the Practice Act. (*Moore* v. *Del Valle*, 28 Cal. 174 ; *Harper* v. *Minor*, 27 Cal. 107 ; *Abbott* v. *Douglass*, 28 Cal. 299.) It does not appear, therefore, by anything in the record upon which we are permitted to act, what the ruling on the motion to strike out was. Besides, if it did, the notice to strike out is too general. It does not point out the specific objectionable matter, but leaves the Court to find it out, here and there, in the complaint, and determine what particular matter answers to the loose description given in the notice. The Court may have refused—and properly—to strike it out on that ground.

Upon the merits, we think the property correctly assessed under the general head of improvements on lands. But, in addition to the aggregate value being placed under the general head, " value of improvements on lands," each particular piece of improvement is described by itself with unusual

minuteness and particularity, and separately valued in a column of items, so that there can be no mistake as to the identity of the property intended to be assessed. The object of the description is, to clearly identify the property assessed, and the object is manifestly accomplished in this assessment. It is clearly sufficient.

It is next insisted that the assessment is void in consequence of the omission of the dollar mark in the valuation. It is conceded, however, that there is a dollar mark prefixed to the figures 76,700, in the column headed " value of improvements on lands," thus : $76,700. This sum is manifestly the aggregate of the several items in the sub-column to the left, footed up in the usual form, where the items are set down in a separate column and footed up, and the sum carried into the column for the aggregate of the items of the same kind to the right. There can be no misunderstanding this on the face of the record. If, then, we concede that the dollar mark is not prefixed to any, or all the items in the sub-column, the record still affords the data for determining upon its face what the figures were intended to represent; for, when footed up, and the sum carried out in the aggregate, the dollar mark is prefixed, and shows that the aggregate represents dollars and decimals of a dollar. If the aggregate represents dollars, of course the several smaller sums, which go to make it up, must necessarily be dollars. We think the assessment itself, therefore, affords the means of determining what the figures were intended to represent, without recourse to evidence *aliunde*.

But whatever the facts may have been, this record does not show that the dollar mark was not prefixed to the other numbers in the various columns. The most that can be said is, that the testimony is conflicting. Page seventy-two of the assessment roll was introduced, covering the property in question. Also the delinquent list. These both have all the requisite dollar marks. Dudleston testifies, explaining by some table what marks he placed upon it as Auditor, by the advice and consent of the President of the Board of Super-

visors and District Attorney, under the Act of 1866. But his testimony must have reference to some table not in the record, for he refers to matters that do not appear in any of the copies furnished. Page seventy-two, as referred to by the witness, is certainly different from page seventy-two, as it appears in the record. According to his testimony, there was an equalization and reduction, and some dollar marks prefixed where they were wanting. On the other hand, the defendants themselves subsequently " introduced and read in evidence a copy of page seventy-two (72) of the original assessment roll of Mono County for the fiscal year A. D. 1866, *as it stood when delivered to the Clerk* of the Board of Supervisors by the Assessor of the county, certified by the Clerk of said Board, to be a correct copy thereof, *as it then stood.*" This copy contains all the necessary dollar marks. If, then, this is a copy, *and the record says it is,* of the original assessment roll, " *as it stood when delivered to the Clerk* of the Board of Supervisors by the Assessor of the county," it contains everything necessary to be done by the Assessor to show a valid assessment. In the item column the dollar mark is not prefixed to every item, but where the dollar mark is found in the columns, showing that the figures in that column are designed to represent dollars, we think that all the figures standing in the same column in the same relation to other similar items, must be construed to be dollars, without a repetition of the mark before each item. There may be some confusion, or inaccuracy in the record, but on this ground, also, on the record as we find it, we cannot say that the assessment was fatally defective.

The defendant has no reason to complain if the judgment is less than it ought to be. It will not be reversed on that ground on his appeal.

Judgment affirmed.

Mr. Chief Justice CURREY did not express an opinion.