(February 4, 1918.)

## In Re JOHN H. WOURMS.

[170 Pac. 919.]

ATTORNEY AT LAW—DISBARMENT.

> A disbarment proceeding is in no sense a criminal action, nor is its purpose the punishment of the attorney. It is intended to protect the public and those charged with the administration of justice from the misconduct of those who have found their way into the legal profession and who are unfit to perform the important duties which devolve upon an attorney at law.

> [As to causes and proceedings for disbarment of attorneys, see notes in 95 Am. Dec. 333; 45 Am. St. 71.]

PROCEEDING to disbar attorney.

I. N. Smith, appearing for the Attorney, filed no brief.

T. A. Walters, Atty. Genl., and J. P. Pope, Asst., appearing by request of the Court.

The real question for determination in disbarment proceedings is whether or not the attorney is a fit person to be longer allowed the privileges of being an attorney. (6 C. J. 581, and note.)

Betraying the confidence of a client is sufficient ground for disbarment. (6 C. J. 588, and many cases cited.)

MORGAN, J.—Certain facts were brought to the attention of this court in case of *Davenport et al. v. Burke*, 30 Ida. 599, 167 Pac. 481, which prompted the issuance of an order directing John H. Wourms to appear and show cause why he should not be disbarred because of professional misconduct and violation of his oath and duties as an attorney, licensed to practice in the courts of Idaho.

Most of the facts upon which the order was based are set out in the opinion in the case above referred to and will not be repeated here. Briefly, the substance of the matter which Wourms was called upon to answer is that he procured himself to be employed by Patrick Burke, as his attorney, to adjust differences which had arisen between the latter and the owners of certain mining claims, upon which he held an option to purchase, and defrauded and misled him into allowing his rights to be forfeited and then, in hostility to him, purchased the property as agent and attorney for the Consolidated Interstate-Callahan Mining Company. In a supplemental order Wourms was directed to make answer to the charge that upon the trial of the case of *Davenport v. Burke, supra*, wherein the alleged fraud was in issue, he, knowing the time and place of the trial, purposely absented himself therefrom and from the state, to avoid being called as a witness thereat.

Wourms filed answers to these orders in which he denied the material allegations therein contained. Hon. Ed. L. Bryan, one of the judges of the seventh judicial district, was appointed as referee to take testimony upon the issues so

framed; a hearing was had, oral and documentary evidence was introduced, and the referee made findings of fact, from which, and from an examination of the record, it appears that the charges are fully sustained by the proof.

This is in no sense a criminal action. In disbarment proceedings courts are without jurisdiction to punish the accused attorney, however reprehensible his conduct may have been. The purpose of such proceedings is to protect the public and those charged with the administration of justice from the misconduct of persons who have found their way into the legal profession and who are unfit to perform the important duties which devolve upon an attorney at law. (6 C. J. 602, sec. 64.)

It is said in 6 C. J. 581: "The proceeding is not for the purpose of punishment of the attorney, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practice in them. The action of the court in the exercise of this power is judicial in its character, and the real question for determination in such proceedings is whether or not the attorney is a fit person to be longer allowed the privileges of being an attorney. The power is not an arbitrary and despotic one to be exercised at the pleasure of the court or because of passion, prejudice or personal hostility; it is rather one to be used with moderation and caution, in the exercise of a sound judicial discretion, and only for the most weighty reasons, and upon clear legal proof."

The consequences visited upon an attorney by his disbarment, degrading him, as it does, in the estimation of his fellow-men and depriving him of the means of making a livelihood to which he should have, and probably has, devoted many years of arduous study and expensive preparation, are so severe that it should only be resorted to in cases of necessity where there is no reasonable ground to believe the imposition of a judgment less severe will adequately protect the public, the courts and the profession. (2 R. C. L. 1086–1089.)

The records of this court disclose that John H. Wourms was, on August 9, 1905, admitted to the bar upon motion of an attorney, who vouched for his good moral character, and upon production of documentary evidence showing that he had theretofore been admitted to practice in the highest court of a sister state. Since that time he has been actively engaged in the practice of law in Idaho, and, so far as any member of this court knows, has never been accused of an act of professional misconduct, except in connection with the case of *Davenport v. Burke,* heretofore referred to. His conduct in that case is inexcusable, and cannot be explained upon any theory which will tend to justify it. However, applying the law above quoted to the facts before us, we conclude the object of this proceeding may be attained without, for the present at least, absolute disbarment.

It is therefore ordered, that John H. Wourms be, and he hereby is, suspended as an attorney and counselor in this and all other courts of the state of Idaho, and prohibited from practicing therein, as such, for a period of two years from and after the date of filing this opinion, unless otherwise ordered, and that at the expiration of such period of suspension this court will consider a motion, should one be made, for his reinstatement and will, at that time or thereafter, take such further action in the premises as the facts then before it justify.

Budge, C. J., and Rice, J., concur.