(No. 6382.   October 29, 1936.)

In the Matter of Contempt Proceedings Against S. E. MATTHEWS.

[62 Pac. (2d) 578.]

W. H. Witty and Clyde Bowen, for State Bar Commission.

O. R. Baum, Merrill & Merrill and R. J. Dygert, for Defendant S. E. Matthews.

HOLDEN, J.—This is an original proceeding commenced in this court at the direction of the Board of Bar Commissioners of the State of Idaho for the purpose of obtaining an order requiring S. E. Matthews to show cause why he should not be punished for contempt of this court. Order to show cause issued as prayed for by petitioner.

Defendant moves to strike from the petition "upon the ground that the same does not constitute an action for contempt or any part of said action, but is wholly insufficient upon which to create an issue, . . . . all of Paragraph Numbered V and all of Paragraph Numbered VI and all of Paragraph Numbered VII."

Such motion fails to point out any particular in which the petition is insufficient to create an issue. Therefore, this court will not consider the same. (*People v. Empire Gold & Silver Min. Co.*, 33 Cal. 171, 173.)

· The defendant moves also that paragraphs numbered IV, V, and VI of the petition be made more definite and certain in the following particulars: 1. By alleging in paragraph IV "in what probate proceedings he (defendant) prepared any probate matters, and in what other types of legal practice he engaged in; and, . . . . whether said fee

so charged was a stenographic fee or a fee for acting as a Notary Public.'' 2. By alleging in paragraph V how much defendant ''charged and what he made his charge for for drafting the instruments referred to in said paragraph V.'' 3. By . alleging in paragraph VI how much defendant ''charged, and for what he made his charge for drafting the instruments referred to in said Paragraph VI.'' 4. By alleging in what manner defendant has engaged in the practice of law, and just what he has done that constitutes the practice of law.

It is alleged in paragraph numbered IV of the petition, among other things, ''That for several years last past the said S. E. Matthews has resided in the City of Soda Springs, County of Caribou, State of Idaho, and has continuously represented that he was qualified and learned in the law and particularly in matters connected with all kinds and types of conveyancing and in the preparation of Bills of Sale, Deeds, Real estate Mortgages, Chattel Mortgages, preparing of Probate papers in Probate matters. . . . .''

It will be seen that the petition expressly alleges that the defendant for a period of several years ''has continuously represented that he was . . . . learned in the law and *particularly* in matters *connected with all kinds and types of conveyancing* and in the preparation of . . . . Probate papers in Probate matters. . . . . '' (Emphasis ours.) It is then alleged that a few days prior to April 29, 1936, defendant ''prepared two Deeds of Conveyance for the several heirs of the Gorton Estate . . . . '' and that he ''charged a fee of $2.50 for each of said deeds; . . . . ''

Funk & Wagnalls New Standard Dictionary, 1933 edition, defines the word ''represent'': To appear in the character of; personate. And the word ''personate'' is defined: To assume the character of; play the part of; pass for; impersonate; as, the imposter *personated* the prince. Hence, to represent oneself as being learned in the law, and ''particularly in matters connected with all kinds and types of conveyancing and in the preparation of . . . . Probate papers in Probate matters . . . . ,'' is, in effect, to assume the char-

acter of and to impersonate, and to hold oneself out as, a lawyer, and as such, especially well qualified to prepare all kinds and types of conveyances, and also to prepare papers in probate matters.' So that where such a person is employed, under the circumstances alleged in the petition, to prepare deeds, whether in the matter of an estate, or otherwise, the employment is necessarily based upon the assumed and pretended skill of the person so employed to do a certain type of work particularly well, and when paid, he is paid for the actual work of preparation (no matter how or in what manner an instrument may be prepared), as well as for his assumed and pretended learning and skill in the premises. After alleging the defendant represented that he was learned in the law, and particularly in the matter of the preparation of deeds, etc., it is then alleged that the defendant prepared deeds for several heirs of the Gorton estate, and that he made a charge therefor, which allegations charge, in effect, that defendant was holding himself out as a lawyer and as such particularly well qualified to prepare deeds, etc., and that in such assumed capacity he prepared the said deeds and charged $2.50 for each deed so prepared, and that is sufficient.

Paragraphs numbered V and VI of the petition allege that the defendant prepared numerous instruments, describing them, and that he made a charge and received compensation therefor, but do not allege the amount charged, or received. It is wholly immaterial here as to whether the defendant charged a dollar or ten dollars for preparing the instruments; again the material point is that he made a charge and that he received compensation for his services.

As to the fourth ground of defendant's motion to make the petition more definite and certain, an examination of the petition discloses that the manner in which it is claimed the defendant has been engaged in practicing law is quite fully alleged, as well as what he has done which constitutes (it is alleged) the practice of law.

The defendant has also filed a demurrer. He demurs to paragraph numbered IV of the petition upon the

ground that the facts alleged therein do not constitute practicing law. And he further demurs to paragraphs numbered V, VI, VII, and IX upon the same ground. A demurrer will not lie to a single paragraph of a complaint, or petition, upon the ground that it does not state facts sufficient to constitute practicing law. If the petition, taken and considered as a whole, states facts sufficient to constitute contempt of this court, it is sufficient. However, the demurrer will be treated as challenging the sufficiency of the petition upon the alleged ground that it does not state facts sufficient to constitute contempt of this court.

It is provided by section 3–104, I. C. A., that

"If any person shall practice law or hold himself out as qualified to practice law in this state without having been admitted to practice therein by the Supreme Court and without having paid all license fees now or hereafter prescribed by law for the practice of law he is guilty of contempt both in the Supreme Court and district court for the district in which he shall so practice or hold himself out as qualified to practice. Provided, that any person may appear and act in a justice court as representative of any party to a proceeding therein, but shall do so without making a charge or collecting a fee therefor."

This court had that statute under consideration in *In re Eastern Idaho Loan & Trust Co.*, 49 Ida. 280, 288 Pac. 157, 73 A. L. R. 1323, where the petition charged: "That for over a year last past the said corporation and the said W. L. Shattuck pretending to act for it as its President have represented themselves as learned in law, and particularly in the preparation of wills and declarations of trust, . . . ." In that case it was alleged that the defendants represented that they were learned in the law, and particularly in the preparation of wills and declarations of trust, and here it is alleged that the defendant represented that he was "learned in the law and particularly in matters connected with all kinds and types of conveyancing and in the preparation of . . . . Probate papers in Probate matters. . . . ." The only difference between the charge in the petition in the case above cited and the charge in this case, is, that in the Eastern Idaho Loan &

Trust Company case, *supra,* it was alleged that the corporation and Shattuck represented that they were particularly learned in the law in the matter of the preparation of wills and trusts, and here it is alleged that defendant represented that he was particularly learned in the law in the matter of the preparation of all kinds and types of conveyancing as well as in the preparation of probate papers in probate matters.

In support of his contention that the preparation of deeds and mortgages does not, under the statute, constitute practicing law, defendant relies upon *In re Eastern Idaho Loan & Trust Company, supra,* quoting therefrom as follows: ''Such work as the mere clerical filling out of skeleton blanks or drawing instruments of generally recognized and stereotyped form effectuating the conveyance or incumbrance of property, such a simple deed or mortgage not involving the determination of the legal effect of special facts and conditions, is generally regarded as the legitimate right of any layman. It involves nothing more or less than the clerical operations of the now almost obsolete scrivener. But, where an instrument is to be shaped from a mass of facts and conditions, the legal effect of which must be carefully determined by a mind trained in the existing laws in order to insure a specific result and guard against others, more than the knowledge of the layman is required; and a charge for such service brings it definitely within the term, 'practice of the law.' ''

That quotation, from the opinion in the last above cited case, is preceded by the following statement: ''Defendants contend that their specially advertised activities do and did not constitute practicing law; that they but do and did what hordes of reputable insurance men, realtors and bankers have been doing for years, and what chapter 192, section 2, of the Session Laws of 1929 authorizes them to do.'' (Then follows:) ''Such work as the mere clerical filling out of skeleton blanks'' etc.

It is clear therefrom that this court, by the quotation relied upon by the defendant, merely set forth the nature and kind of work, to wit, filling out skeleton blanks for the conveyance or incumbrance of property, which it was contended

by the defendants in the Eastern Idaho Loan & Trust Company case, *supra,* insurance men, realtors, and bankers had a right to do and had been doing for years under an honest belief that they had a right to do. As a matter of fact, a careful reading of the said matter which immediately precedes the quotation relied upon by defendant Matthews, at once discloses a mere mistake in punctuation, in this, that a period was used instead of a comma, as shown above. By placing a comma where a period is found, the statement of the court would read: "Defendants contend that their specially advertised activities do and did not constitute practicing law; that they but do and did what hordes of reputable insurance men, realtors and bankers have been doing for years, and what chapter 192, section 2, of the Session Laws of 1929 authorizes them to do, such work as the mere clerical filling out of skeleton blanks or drawing instruments of generally recognized and stereotyped form effectuating the conveyance or incumbrance of property," etc.

The statute (sec. 3–104, *supra*) makes practicing law, or holding oneself out as qualified to practice law, without having been admitted to practice and without having paid all license fees prescribed by law for the practice of law, a contempt of this court, and this court has not held otherwise.

The practice of law as generally understood, is the doing or performing services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity with the adopted rules of procedure. *But in a larger sense,* it includes legal advice and counsel, and the *preparation of instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court.* (49 C. J., sec. 5, p. 1313. See, also, *People v. Alfani,* 227 N. Y. 334, 125 N. E. 671; *In re Opinion of the Justices,* 289 Mass. 607, 194 N. E. 313, 317; *In re Duncan,* 83 S. C. 186, 65 S. E. 210, 18 Ann. Cas. 657, 24 L. R. A., N. S., 750; *People v. People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901, 907; *Eley v. Miller,* 7 Ind. App. 529, 34 N. E. 836; *Boykin v. Hopkins,* 174 Ga. 511, 162 S. E. 796, 799–800.)

■ It is vigorously contended, however, that the petition does not state facts sufficient to constitute contempt of this court in that several of the material allegations of the petition are made "upon information and belief," and in support of his contention the defendant again cites and relies upon the Eastern Idaho Loan & Trust Company case, *supra*. We have examined the petition in that case and find that it was therein alleged, for example: "That affiant is informed and believes that the said W. L. Shattuck prepared," etc.; "That affiant is also informed and believes that," etc.; "That affiant states that in his opinion," etc. But here the allegations made upon information and belief are stated, for instance, as follows: "That your affiant is informed and believes and therefore alleges the fact to be, that," etc. That is sufficient. (*White v. Coeur d'Alene Big Creek Min. Co.*, 56 Ida. 282, 55 Pac. (2d) 720.)

■ In addition to demurring to the petition generally, the defendant also demurs specially upon numerous grounds of alleged uncertainties and ambiguities. In several instances, the objection made to the petition by motion to make it more definite and certain by alleging "whether said fee (referring to the fee, or charge, mentioned in paragraph IV) so charged was a stenographic fee or a fee for acting as a Notary Public," is repeated in the special demurrer. What we had to say about the said objection made by said motion, applies with equal force to similar objections made by such special demurrer. We have examined the petition carefully and find that it is not uncertain or ambiguous in any of the particulars alleged in such special demurrer.

We conclude that the petition states facts sufficient to constitute contempt of this court. The motion to make the petition more definite and certain is denied, and the demurrer is overruled. Defendant is required to answer the petition within twenty days from and after the filing of this opinion.

Givens, C. J., and Ailshie, J., concur.

Morgan, J., deeming himself to be disqualified, did not sit with the court in this case nor participate in the decision.