325 P.2d 688

**IDAHO STATE BAR; Gilbert C. St. Clair, President, Clay V. Spear, Member, and Sherman J. Bellwood, Member, comprising the Board of Commissioners of the Idaho State Bar, and individually as licensed attorneys at law of the Idaho Bar, et al.,**

v.

**O. K. MESERVY, Defendant.**

No. 8618.

Supreme Court of Idaho.

March 4, 1958.

Ralph Litton, St. Anthony, for defendant.

Raymond L. Givens, Boise, for plaintiffs.

KEETON, Chief Justice.

Defendant in this proceeding is charged by plaintiffs with being in contempt of this Court due to his alleged practice of law in Fremont County, without first having procured a license so to do. This Court assumed original jurisdiction, permitted the filing of the complaint and ordered the Clerk to issue a citation requiring defendant to show cause why he should not be punished for contempt.

Defendant appeared as directed, moved to strike Paragraph IV of the complaint on the ground of immateriality and other grounds, and Paragraph V as being conclusions, redundant and immaterial recitals; also filed a special demurrer claim-

ing that subdivision (c) of Paragraph VII and Paragraph VIII are indefinite and uncertain in numerous respects. The challenge to Paragraph VIII is, in the brief of defendant, abandoned and will not be discussed.

Paragraph IV, against which the motion to strike is directed, alleges the capacity of plaintiffs to bring the action, and the reasons why it was instituted.

■ A complaint may properly contain allegations showing plaintiff's right to bring the suit and his interest in the subject matter. Stanger v. Hunter, 49 Idaho 723, 291 P. 1060; 71 C.J.S. Pleading § 71, p. 187; 41 Am.Jur. 346, Sec. 80.

■ In the present situation the Bar Commission and its Committees are proper plaintiffs, and the complaint in Paragraph IV properly so alleges. In re Matthews, 57 Idaho 75, 62 P.2d 578, 111 A.L.R. 13.

■ The motion to strike Paragraph IV attacks it as a whole. Its parts are not separately attacked. While portions of the paragraph might be subject to the objection made by defendant, the paragraph as a whole contains matters properly pleaded and properly a part of plaintiffs' cause of action. A motion to strike a whole paragraph which contains good and proper allegations and some bad, without separating the good from the bad, should be denied. Maxwell v. Twin Falls Canal Co.,

49 Idaho 806, 292 P. 232; Parks v. Mathews, 58 Idaho 8, 69 P.2d 781.

■ Paragraph V reads as follows:

"That the laws of the State of Idaho require that a person be admitted to practice law by the Supreme Court of this State and be duly licensed by the State before engaging in the practice of the legal profession, and prohibits persons not admitted and licensed from holding themselves out as qualified to engage in the practice of the law."

This is a statement of law and not of fact.

■ The complaint should contain a statement of the facts constituting the cause of action in ordinary and concise language, and it is necessary to plead the acts complained of in order to advise defendant with what he is charged. Sec. 5-605, I.C. Legal conclusions or conclusions of law are matters for determination by the court. 41 Am.Jur. 292, Sec. 7; 41 Am.Jur. 300, Sec. 16, for collection of cases, see Note 2, p. 300.

■ Subdivision (c) of Paragraph VII reads as follows:

"That plaintiffs are informed and believe and therefore allege the fact to be that said defendant has prepared and drafted varied and many legal documents and instruments for many persons in Fremont County, Idaho,

and has expressly or impliedly represented to them that he is qualified to prepare the same and to advise and counsel with respect to the legal effect thereof."

It is claimed by special demurrer that this paragraph is indefinite and uncertain in that it does not set forth the times or places that defendant is charged with having prepared or drafted legal documents or instruments, and does not name any person or persons for whom the work was allegedly done, or when or where he expressly or impliedly represented himself as qualified to practice law.

In this proceeding defendant, if adjudged to be in contempt, would be subject to penalties in such cases made and provided and should by the complaint be advised with reasonable certainty what act or acts it is claimed he engaged in which constituted the practice of law, so as to enable him to prepare his defense. 41 Am. Jur. 309–311, Secs. 30 and 31.

Plaintiffs cite in Re Matthews, 57 Idaho 75, 62 P.2d 578, 111 A.L.R. 13, as authority that the paragraph so attacked by special demurrer is sufficient. We do not interpret the case so cited as expressing this view. An examination of the record in In re Matthews, supra, specific acts of conduct complained of, within the definition of practicing law, were set forth in detail as the basis for the contempt proceeding.

From what has been said it follows that the motion to strike Paragraph IV of the complaint is denied. The motion to strike Paragraph V is granted. The special demurrer to subdivision (c) of Paragraph VII is sustained.

Plaintiffs are granted twenty days to file an amended complaint if they desire so to do. If an amended complaint is filed, defendant is given twenty days to plead further to it. If no amended complaint is filed, subdivision (c) of Paragraph VII will be considered abandoned and defendant is given twenty days to answer.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.