879 P.2d 1124

**IDAHO STATE BAR, Plaintiff–Appellant–Cross Respondent,**

v.

**Salvador G. VILLEGAS, Defendant–Respondent–Cross Appellant.**

No. 20406.

Supreme Court of Idaho,

Boise, February 1994 Term.

Aug. 23, 1994.

Michael J. Oths and Dan C. Grober, Idaho State Bar counsel, Boise, for appellant. Dan C. Grober argued.

William H. Ball, Boise, for respondent.

PER CURIAM.

This is a civil case in which the Idaho State Bar (ISB) sought declaratory and injunctive relief, asking the district court to declare that certain activities of Salvador Villegas constituted the unauthorized practice of law, and upon that basis to enjoin such activities. The district court issued an injunction which restrains Villegas from continuing certain of the activities in which he was engaged. We affirm the district court's injunction and remand for clarification of the activities to be enjoined.

## BACKGROUND AND PROCEEDINGS

ISB's complaint was filed on June 5, 1991. The complaint alleged that Villegas was practicing law by negotiating and settling third-party personal injury and property damage claims as a "public adjuster." Villegas' answer admitted most of the factual allegations of the complaint, but denied that his activities were prohibited by law or posed a threat of harm to the public. Subsequently, two issues were tried to the district court on September 28 and 30, 1992: (1) whether a public adjuster is a recognized separate calling, and (2) whether some activities of a

"public adjuster" constitute the practice of law.

The district court, in paragraph 11 of its order, enjoined Villegas from providing legal advice to clients and from representing clients to negotiate and settle personal injury and property damage claims which "by their nature require a lawyer's training for the proper performance." The district court, in paragraph 12 of its order, did not enjoin Villegas from investigating clients' claims, making factual determinations and investigative reports, charging fees for his services, assisting lawyers, or negotiating and settling claims which "by their nature do not require a lawyer's training ..." if these activities are accompanied by a disclaimer. The court stated that Villegas may engage in the same activities he previously engaged in as an adjustor except for the activities specifically enjoined. ISB appeals from this judgment.

## STATEMENT OF FACTS

Salvador Villegas worked for many years as an insurance adjuster. As such, he provided an array of services which he currently provides to individual clients, rather than on behalf of an insurance company. ISB objects to his provision of these services as being the "unauthorized practice of law." Villegas readily admits that he is not licensed to practice law in Idaho, nor is he an "adjuster" as defined by I.C. § 41–1102. As defined in I.C. § 41–1102, an adjuster refers only to a person who works for an insurance company. Villegas calls himself a "public adjuster," and in this capacity he negotiates, compromises, and settles third-party personal injury and/or property damage claims on behalf of his clients. Many of Villegas' clients do not speak much English, have very little understanding of their legal rights, and could not afford the services of a lawyer. Specifically, Villegas has performed services for his clients such as explaining the consequences of signing a release, making determinations as to their liability, determining the amount of money damages suffered, seeking recovery from their insurance companies, and negoti-

ating sums his clients would accept in satisfaction of their claims. Villegas is very experienced in evaluating and negotiating personal injury claims covered by insurance and he alleges that he performs a valuable public service. Villegas maintains that he is not practicing law but that he probably is qualified to represent his clients' legal needs. He contends that although there is a licensing procedure available for adjusters who work on behalf of insurance companies, no such procedure is available for someone like himself who does the same work on behalf of claimants. He argues that he should have the right to offer his services to people who are in need of them. He does not appeal the injunction.

ISB argues that the district court's injunction is too vague about what activities Villegas may continue to engage in. ISB also asserts that certain of the activities which are not prohibited in the injunction constitute the practice of law. ISB thus raises the following two issues on appeal: (1) Does the judgment and permanent injunction permit Villegas to engage in certain activities as a "public adjuster" which constitute the practice of law? and (2) Is the judgment and permanent injunction sufficiently clear and unambiguous such that the parties can understand what conduct is prohibited? We will analyze these two issues as one.[1]

## ANALYSIS

**Does the judgment and permanent injunction permit Villegas to engage in certain activities as a "public adjuster" which constitute the practice of law?**

The district court appropriately enjoined the following activities in Paragraph 11 of its final judgment:

a. [Villegas] shall not provide legal advice and counsel to clients about their legal rights concerning personal injury and property damage first party and third party claims, including determinations as to legal duties, proximate cause, damages,

1. Villegas raises an additional issue which is whether he has a constitutional right to sell his services to the public. It is axiomatic that the

State may regulate the practice of law. *See, e.g., Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978).

and defenses; and legal effect and interpretation of settlement documents;

b. [Villegas] shall not represent clients to negotiate and settle personal injury and property damage first party and third party claims, which by their nature require a lawyer's training for the proper performance.

The district court in paragraph 12 of the judgment entered by it held:

[Villegas] is not enjoined from any of these activities, *which are declared not to be the unauthorized practice of law:*

a. [Villegas] may for clients, who are insurers or individuals, investigate claims, make factual determinations that affect liability and damages issues, make investigate reports, charge a fee for services, provide factual information about insurance company procedures and methods, and assist any licensed lawyer with the claims of that lawyer's clients;

b. [Villegas] may for clients, who are insurers or individuals, as to claims which by their nature do not require a lawyer's training for their proper performance: make demands; negotiate; make authorized settlement; make good faith contentions, accompanied by a disclaimer that [Villegas] is not holding himself out as a lawyer, to third parties as to any issues that may affect such claims; and to engage in the same activities [Villegas] engaged in as an adjustor for Allstate Insurance Company, except those specifically enjoined.

(Emphasis added.)

This Court has defined the practice of law as:

'The doing or performing services in a court of justice, in any matter depending [sic] therein, throughout its various stages, and in conformity with adopted rules of procedure. *But in a larger sense,* it includes legal advice and counsel, and the *preparation of instruments and contracts by which legal rights are secured, although such matter may or may not be depending* [sic] *in a court.*'

*Idaho State Bar v. Meservy,* 80 Idaho 504, 508, 335 P.2d 62, 65 (1959) (emphasis in original) (*quoting In re Matthews,* 57 Idaho 75, 83, 62 P.2d 578, 584 (1936)).

The district court was correct in holding that paragraph 11 includes activities which are the practice of law. However, we agree with the Bar that paragraph 12 also includes some activities we have previously held to constitute the practice of law. To that extent it should be stricken from the order.

We remand this to the district court to enter an order prohibiting the activities listed in paragraph 11 as well as any activities which "include[ ] legal advice and counsel, and the preparation of instruments and contracts by which legal rights are secured" whether or not connected to a pending court proceeding. Making factual determinations that affect liability and damage issues and negotiating legal positions and issues also clearly involve the practice of law. We do not agree that a disclaimer by a "public adjustor" or anyone else will serve to adequately protect the public from the unauthorized practice of law.

### CONCLUSION

Villegas must be enjoined from any activities which involve the determination of the legal rights and responsibilities of the parties. As the injunction is currently worded, including the language of paragraph 12, this is not sufficiently clear. We thus remand the cause to the district court to enter an injunction in conformance with this opinion. Costs to ISB.