58 P.3d 103

**STATE of Idaho,**

v.

**Leo WEES.**

**No. 27573.**

Court of Appeals of Idaho.

Sept. 30, 2002.

Anderson, Kane Tobiason, Boise, for appellant. Michael J. Kane argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II argued.

LANSING, Judge.

Leo Wees appeals from the district court's reversal of a magistrate court order dismissing the criminal complaint against Wees. The district court disagreed with the magistrate's holding that Idaho Code § 3–420, prohibiting the unlawful practice of law, is unconstitutional for vagueness. We affirm the decision of the district court upholding the constitutionality of the statute.

## I.

## BACKGROUND

Wees operated a business called Self-help Legal Alternatives of Idaho, through which he sold do-it-yourself legal forms designed for use by non-lawyers wishing to represent themselves in court or to conduct transactions without the assistance of an attorney. The State charged Wees with two counts of unlawful practice of law, I.C. § 3–420, a misdemeanor. In the first count, the State alleged that Wees, who is not licensed to practice law in Idaho, interviewed and advised Scott Brown with reference to a pending divorce case. The State contends that Wees advised Brown to file a motion to set aside a

default that had been entered against Brown in the divorce action and that Wees also "chose and prepared" a notice of appearance, a motion to set aside default and default judgment, and an affidavit in support of motion to set aside default and default judgment for Brown, which documents were allegedly filed with the court in the divorce proceeding.

In the second count, the State alleged that Wees interviewed and advised Lianne McCallister with reference to a pending case involving visitation rights. The State asserts that he prepared a petition for grandparents visitation rights and a proposed order granting visitation rights, which were filed in court. After the court refused to act on those documents, Wees allegedly further advised McCallister and prepared revised documents, including a petition for grandparents visitation rights, a notice of petition for grandparent rights, an affidavit in support of petition for grandparents rights, and a proposed order. According to the State, Wees did not merely perform a clerical function of typing onto the forms information supplied by the customers, but, rather, advised the customers on what information to include and helped compose the statements that were placed onto the forms.

Wees moved to dismiss these charges on the ground that I.C. § 3–420 is overbroad and vague, in violation of the United States Constitution and the Idaho Constitution. The magistrate agreed with Wees's assessment that I.C. § 3–420 was void for vagueness and therefore dismissed the complaint. The State appealed to the district court, which reversed the decision of the magistrate. Wees now appeals from the district court's decision.

## II.

## ANALYSIS

When reviewing a decision of the district court made in its appellate capacity, we give attention to the district court's analysis, but our focus is upon the decision of the magistrate court. *State v. Evans,* 134 Idaho 560, 562, 6 P.3d 416, 418 (Ct.App.2000); *State v. Thurman,* 134 Idaho 90, 93, 996 P.2d 309, 312 (Ct.App.1999). Because the issue presented—the constitutionality of a statute-is one of law, we exercise *de novo* review. *State v. Richards,* 127 Idaho 31, 34, 896 P.2d 357, 360 (Ct.App.1995). There is a strong presumption that legislative enactments are constitutional, and courts are obligated to seek an interpretation that will save the statute from constitutional infirmity. *Id.* Courts will therefore construe a statute, if possible, in such a way as to comport with constitutional limitations. *Parker v. Levy,* 417 U.S. 733, 757, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 458 (1974); *United States Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers,* 413 U.S. 548, 571, 93 S.Ct. 2880, 2893, 37 L.Ed.2d 796, 812 (1973); *see Richards,* 127 Idaho at 38, 896 P.2d at 364.

The statute under which Wees was prosecuted, I.C. § 3–420, provides:

> If any person shall, without having become duly admitted and licensed to practice law within this state or whose right or license to practice therein shall have terminated either by disbarment, suspension, failure to pay his license or otherwise, practice or assume to act or hold himself out to the public as a person qualified to practice or carry on the calling of a lawyer within this state, he shall be guilty of an offense. . . .

The State does not allege that Wees held himself out to the public as being a lawyer but that he "practiced" law without a license in performing the alleged services for customers Brown and McCallister. Thus, it is the prohibition against the unlicensed "practice" of law that is pertinent here. Wees makes two constitutional challenges. He contends that the statute's prohibition of the unlicensed practice of law is facially overbroad because it prohibits speech that is protected by the First Amendment, and that the statute violates due process guarantees because it is unduly vague.

### A. Overbreadth

The overbreadth doctrine may be used to challenge statutes which, though designed to prohibit legitimately regulated conduct, nevertheless include within their prohibitions constitutionally protected freedoms. *Cantwell v. Connecticut,* 310 U.S. 296, 307–08, 60 S.Ct. 900, 904–05, 84 L.Ed. 1213, 1219–

20 (1940); *Richards,* 127 Idaho at 35, 896 P.2d at 361. Wees contends that I.C. § 3–420 is overbroad on its face because it brings within its ban constitutionally protected speech. This challenge requires that we determine whether the statute "reaches a *substantial* amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362, 368 (1982) (emphasis added). *See also New York v. Ferber,* 458 U.S. 747, 769–73, 102 S.Ct. 3348, 3361–63, 73 L.Ed.2d 1113, 1130–33 (1982); *State v. Bitt,* 118 Idaho 584, 587–88, 798 P.2d 43, 46–47 (1990). If the statute purports to proscribe a substantial amount of protected activity, "the law may not be enforced against anyone, including the party before the court, until it is narrowed to reach only unprotected activity, whether by legislative action or by judicial construction or partial invalidation." *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503–04, 105 S.Ct. 2794, 2801–02, 86 L.Ed.2d 394, 405–06 (1985). *See also Sec'y of State of Maryland v. J.H. Munson Co.,* 467 U.S. 947, 964–65, 104 S.Ct. 2839, 2850–51, 81 L.Ed.2d 786, 800–01 (1984). Overbreadth will not be deemed substantial if, "despite some possibly impermissible application, the 'remainder of the statute ... covers a whole range of easily identifiable and constitutionally proscribable ... conduct.'" *Id.* (quoting *Nat'l Ass'n of Letter Carriers,* 413 U.S. at 580–81, 93 S.Ct. at 2897–98, 37 L.Ed.2d at 817 (1973)). *See also Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1698, 109 L.Ed.2d 98, 110 (1990). This inquiry has also been framed as whether a statute is unconstitutional in the substantial portion of the cases to which it applies. *Regan v. Time, Inc.,* 468 U.S. 641, 650, 104 S.Ct. 3262, 3267, 82 L.Ed.2d 487, 495 (1984). If this query can be answered in the negative, the facial overbreadth challenge fails. *Hoffman Estates,* 455 U.S. at 494, 102 S.Ct. at 1190, 71 L.Ed.2d at 368; *Kleiber v. City of Idaho Falls,* 110 Idaho 501, 504, 716 P.2d 1273, 1276 (1986).

■ Infirmity for overbreadth may be avoided when a limiting construction has been or can be applied to the challenged statute. *Ferber,* 458 U.S. at 769, n. 24, 102 S.Ct. at 3361, 73 L.Ed.2d at 1130; *Broadrick*

*v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830, 840 (1973); *Dombrowski v. Pfister,* 380 U.S. 479, 491, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22, 31 (1965); *Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941). Such limiting and clarifying interpretation of statutory reference to the "practice" of law has been provided since 1936, when our Supreme Court expressed the following definition:

> The practice of law as generally understood, is the doing or performing services in a court of justice, in any matter [pending] therein, throughout its various stages, and in conformity with adopted rules of procedure. But in a larger sense, it includes legal advice and counsel, and the preparation of instruments and contracts by which legal rights are secured, although such matter may or may not be [pending] in a court.

*In re Matthews,* 57 Idaho 75, 78–79, 62 P.2d 578, 581–82 (1936) (italics removed). *See also Idaho State Bar v. Villegas,* 126 Idaho 191, 193, 879 P.2d 1124, 1126 (1994); *Idaho State Bar v. Meservy,* 80 Idaho 504, 508, 335 P.2d 62, 64 (1959). Further clarity is added by the Supreme Court's holdings in *Meservy* and *Villegas.* In *Meservy,* the Court held that an individual who had drafted pleadings and a proposed order for filing in court, and dispensed advice and counsel about those documents, engaged in the unlawful "practice of law." The decision in *Villegas* details types of activities associated with the evaluation, investigation and settlement of claims that constitute the practice of law.

■ As thus construed, it cannot be said that the prohibition against the unlicensed practice of law in § 3–420 is unconstitutionally overbroad. The statute plainly covers a wide range of "easily identifiable and constitutionally proscribable conduct," *e.g.,* rendering advice on legal rights and responsibilities in the context of a for-hire relationship, drafting contracts, wills and other legal instruments, appearing in court on behalf of another, and composing pleadings and other documents for filing in a court of law. The State may legitimately prohibit such activities by persons who are not trained or li-

censed in the law in order to "protect the public against unskilled and unauthorized would-be practitioners." *Meservy,* 80 Idaho at 509, 335 P.2d at 65.

█ Wees argues that I.C. § 3–420 purports to regulate a substantial amount of constitutionally protected speech because the proscription of "advising" another with regard to legal matters could be applied to wholly innocent speech, such as casual conversation between neighbors discussing a pending court case to which one of the neighbors is a party. However, even if I.C. § 3–420 could be interpreted to prohibit such neighborly chats, the statute would still not be facially overbroad because its ban plainly encompasses a wide range of constitutionally proscribable conduct. As with the statute at issue in *Broadrick,* "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied." *Broadrick,* 413 U.S. at 615–16, 93 S.Ct. at 2918, 37 L.Ed.2d at 841–42. *See also Ferber,* 458 U.S. at 773–74, 102 S.Ct. at 3363, 73 L.Ed.2d at 1133.

## B. Vagueness

█ We next consider Wees's contention that the statute is void for vagueness. The vagueness doctrine is grounded on the precept that criminal statutes must define offenses with sufficient clarity to (1) give persons a reasonable opportunity to know what is prohibited so that they may act accordingly, and (2), avoid arbitrary and discriminatory enforcement. *Hoffman Estates,* 455 U.S. at 498, 102 S.Ct. at 1192, 71 L.Ed.2d at 371; *Richards,* 127 Idaho at 37, 896 P.2d at 363. In order to succeed on this challenge, Wees must show that he did not receive fair notice from the statute and interpretative case law that his particular conduct was punishable. *Parker,* 417 U.S. at 755–57, 94 S.Ct. at 2561–62, 41 L.Ed.2d at 457–58. One who has received fair warning of the criminality of his own behavior is not entitled to attack a statute because the language would not give similar fair warning

with respect to other activities that might fall within its broad and literal end. *Parker,* 417 U.S. at 755–56, 94 S.Ct. at 2561–62, 41 L.Ed.2d at 457; *Hoffman Estates,* 455 U.S. at 495, 102 S.Ct. at 1191, 71 L.Ed.2d at 369.

█ Authoritative judicial construction of an otherwise vague statute may provide persons with sufficient notice to pass constitutional muster. *Winters v. New York,* 333 U.S. 507, 514–15, 68 S.Ct. at 668–70, 92 L.Ed. at 849 (1948) (holding that defendant was chargeable with knowledge of subsequent court decision interpreting statute); *Idaho Ass'n of Pub. Dental Technicians, Inc. v. Idaho Bd. of Dental Exam'rs,* 97 Idaho 631, 632–33, 550 P.2d 134, 135–36 (1976) (holding that prior decisions construing statute that criminalized the unlawful practice of dentistry gave appellants sufficient guidance as to prohibited conduct to withstand challenges for overbreadth and vagueness); *State v. Carringer,* 95 Idaho 929, 930, 523 P.2d 532, 533 (1974) (holding that criminal statute proscribing "infamous crime against nature" was not void for vagueness where the defendant's acts fell squarely within the very core of the statute as it had been uniformly construed for fifty-eight years). The Idaho Supreme Court's clarifying identification of activities that constitute the practice of law in *Villegas, Meservy* and *Matthews,* as discussed above, leaves no uncertainty as to whether the acts Wees is alleged to have committed fall within the proscription of the statute. He is alleged to have advised customers about particular pleadings to file in court and to have composed petitions, motions, affidavits and proposed court orders for filing based upon information elicited from the customer, performing all of these services for remuneration[1] and without supervision from a licensed attorney. Even without the referenced judicial interpretations, the term "practice of law," in its common usage and meaning, clearly encompasses those activities. Therefore, even if it can be said that there is some ambiguity in whether, at its parameter, the statute proscribes other hypothetical activities that are

---

1. On this record, it is not clear whether Wees is alleged to have charged for the service of drafting documents in addition to charging for the forms that were purchased, but it is alleged that he provided these services in the context of a business for profit.

not at issue here, the alleged behavior for which Wees is being prosecuted clearly falls within the core of conduct that is prohibited by the statute.

Our conclusion that this statute, prohibiting the unlicensed practice of law, is not unconstitutionally vague finds seemingly unanimous support in the courts of our sister states. *See Statewide Grievance Comm. v. Patton*, 239 Conn. 251, 683 A.2d 1359, 1361 (1996) (holding statute prohibiting practice of law not void for vagueness as applied to defendant who prepared legal documents for customers); *State v. Foster*, 674 So.2d 747, 754 (Fla.Dist.Ct.App.1996) (holding criminal statute prohibiting practice of law not unconstitutionally vague as applied to defendant who took a deposition); *Iowa Supreme Court Comm'n on Unauthorized Practice of Law v. Sturgeon*, 635 N.W.2d 679, 685 (Iowa 2001) (holding court rule prohibiting unauthorized practice of law was not unconstitutionally vague as applied to defendant who prepared forms and rendered advice to clients); *State Bar v. Cramer*, 399 Mich. 116, 249 N.W.2d 1, 9 (1976) (upholding finding of contempt in face of vagueness challenge to statute proscribing practice of law where defendant prepared documents for client's signature); *State v. Rogers*, 308 N.J.Super. 59, 705 A.2d 397, 402 (1998) (holding criminal statute proscribing practice of law was not unconstitutionally vague as applied to defendant who advised client how and when to answer complaint and prepared answer to complaint); *Oregon State Bar v. Wright*, 280 Or. 693, 573 P.2d 283, 288 (1977) (holding criminal statute proscribing practice of law not unconstitutionally vague as applied to defendant who admitted practicing law); *State v. Hunt*, 75 Wash.App. 795, 880 P.2d 96, 101 (1994) (holding criminal statute prohibiting practice of law not vague where defendant attempted to settle claims and drafted pleadings, and upholding jury instructions which parroted the state courts' definition of practice of law).

## C. Rule of Lenity

Wees finally argues that the doctrine of lenity requires I.C. § 3–420 to be strictly construed in his favor. The doctrine of lenity requires courts to construe ambiguous criminal statutes in favor of the accused. *State v. Dewey*, 131 Idaho 846, 848, 965 P.2d 206, 208 (Ct.App.1998).

We have held that I.C. § 3–420 is not vague as applied to Wees because the statute plainly bars the activities of which Wees is accused. It follows that the statute is not ambiguous as to Wees, and therefore the doctrine of lenity has no application in this case.

## III.

## CONCLUSION

Idaho Code § 3–420 does not suffer constitutional infirmity due to either overbreadth or vagueness. Accordingly, we affirm the appellate decision of the district court, which reversed the magistrate court's dismissal order. This case is remanded to the magistrate division for further proceedings.

Chief Judge PERRY and Judge GUTIERREZ, concur.