**UTAH STATE BAR, Plaintiff
and Appellee,**

v.

**Robert SORENSEN; Gene V. Sorensen; Dennis B. Liggett and Muriel R. Liggett, dba Liggett and Associates, Loss Consultants; Ken Sorensen; Insurance Claims Consultants, a Utah corporation; Summerhays & Hayden, Public Adjusters, a Utah corporation; Melodie J.M. Summerhays; and Susan L. Hayden, Defendants and Appellants.**

No. 940539.

Supreme Court of Utah.

Feb. 1, 1996.

Carman E. Kipp, Gregory J. Sanders, Stephen E. Trost, Salt Lake City, for plaintiff and appellee.

---

Brian M. Barnard, Joro Walker, John Pace, Salt Lake City, for defendants and appellants.

HOWE, Justice:

Defendants Robert Sorensen, Gene V. Sorensen, and Dennis B. and Muriel Liggett dba Liggett and Associates, Loss Consultants, appeal from an order denying three motions which they made to impose sanctions against plaintiff Utah State Bar and its legal counsel pursuant to rule 11 of the Utah Rules of Civil Procedure.

The Utah State Bar brought this action against a number of defendants, alleging that they were engaged in the practice of "public adjusting," which the Bar charged constituted the unauthorized practice of law. Subsequently, the Bar voluntarily dismissed the suit against the appellants herein. Thereafter, appellants filed three separate motions for rule 11 sanctions. Each motion was distinct and alleged different misconduct against the Bar and/or Carmen E. Kipp and P. Keith Nelson, legal counsel for the Bar. The district court denied the motions.

Following the dismissal of appellants from the action, the suit proceeded to trial, where the remaining defendants were enjoined from engaging in third-party adjusting.[1] An appeal was taken to this court, and we recently affirmed the judgment. *Utah State Bar v. Summerhayes & Hayden,* 905 P.2d 867, 872 (Utah 1995).

The three motions for sanctions were based on the grounds that (1) the original complaint named as plaintiff the "Board of Commissioners of the Utah State Bar" instead of the "Utah State Bar"; (2) there were no facts to support the claim that Muriel Liggett was engaged in public adjusting; and (3) there was no basis in the law to support the Bar's assertion in its original complaint that first-party adjusting constituted the unauthorized practice of law.

We have carefully considered the parties' briefs and oral arguments supporting their positions. An extended analysis of appellants' assertion that the trial court erred in denying their three motions for sanctions is not necessary. The misnomer of plaintiff in the original complaint was a technical error which did not cause appellants any prejudice and was corrected in the Bar's amended complaint. In addition, Bar counsel had evidence that all appellants were engaged in public adjusting. In its original complaint, the Bar challenged the entire practice of public adjusting, including both first-party and third-party adjusting. Counsel knew of case law which held that both first- and third-party adjusting constituted the unauthorized practice of law. *Professional Adjusters, Inc. v. Tandon,* 433 N.E.2d 779, 783 (Ind.1982). There was no Utah case law on point. The parameters of the authority of "public adjusters," which are authorized in Utah Code Ann. §§ 31A–26–101 to –311, had never been judicially defined. In its second amended complaint, the Bar dropped its challenge to first-party adjusting, which resulted in appellants' dismissal from the action, but continued to pursue the action against those defendants engaged in third-party adjusting. It was not until this court rendered its recent opinion in *Summerhayes & Hayden* that there was any definitive case law on the subject of public adjusting in this state. That decision also interpreted for the first time the statutes authorizing public adjusters.

In view of all the facts and the uncertainty as to the state of the law in this area, we cannot hold that the trial court was required to find that the conduct of the Bar or its legal counsel fell below the standard set in rule 11.

AFFIRMED.

ZIMMERMAN, C.J., STEWART, Associate C.J., and DURHAM and RUSSON, JJ., concur.

---

1. " '[F]irst-party adjusting' occurs when an insured hires a public adjustor to assist the insured in filing a claim of loss with its insurer.... 'Third-party adjusting' occurs when an adjuster represents a stranger to the insurance contract on a claim asserted against a tortfeasor." *Utah State Bar v. Summerhayes & Hayden,* 905 P.2d 867, 868 (Utah 1995).