The Honorable Bill Nations State Representative, District 44 State Capitol, Room 507 Oklahoma City, Oklahoma 73105
Dear Representative Nations:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 The Individuals with Disabilities Education Act ("IDEA") was implemented to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A) (West, WESTLAW through 2005).
 Title 20 U.S.C. § 1415(h) of IDEA states:
 Any party to a hearing conducted pursuant to subsection (f) or (k) of this section, or an appeal conducted pursuant to subsection (g) of this section shall be accorded —
 (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities[.]
 Does this statute permit lay advocates with special training in special education to represent parents in due process hearings?
 THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT ("IDEA")
IDEA, 20 U.S.C. §§ 1400-1482, was implemented to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" Id. § 1400(d)(1)(A). IDEA provides for federal education assistance to states that implement policies and procedures to ensure that certain conditions regarding the educational needs of disabled children are met. The Oklahoma State Department of Education ("Department") has implemented itsSpecial Education Policies and Procedures Manual consistent with IDEA. See
http://www.sde.state.ok.us/pro/spedpp.html.[1]
Each child's individualized education program ("IEP") must be developed by a team which includes the child's parents, at least one regular education teacher and one special education teacher, a local educational agency representative who is knowledgeable about the school's general education curriculum and the available resources, and, if appropriate, the disabled child. Id. § 1414(d)(1)(B). The IEP must contain, among a number of things, "the special education and related services" the child will receive from the school. Id. § 1414(d)(1)(A)(IV).
The United States Supreme Court has characterized the "core" of IDEA as "the cooperative process that it establishes between parents and schools." Schaffer v. Weast, ___ U.S. ___,126 S.Ct. 528, 532, (2005) "(`Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process, . . . as it did upon the measurement of the resulting IEP against a substantive standard')." Id.
(quoting Bd. of Educ. v. Rowley, 458 U.S. 176, 205-06 (1982)). Parents of children with disabilities have the right to review all records the school possesses in relation to their child and to participate in meetings with respect to the "identification, evaluation, and educational placement of the child." Id. § 1415(b)(1). Parents must be notified of any change in their child's education plan, and must be permitted to bring a complaint about "any matter relating to" their child's evaluation and education. Id. § 1415(b)(6)(A). If parents believe that an IEP is not appropriate they may seek an administrative impartial due process hearing. Id. § 1415(f)(1)(A). A hearing officer is appointed to conduct the hearing. Id. § 1415(f)(3)(A). It is this administrative due process hearing which is the basis for your question. Section 1415(f)(1)(A) sets forth the parameters of the due process hearing and provides:
 Whenever a complaint has been received under subsection (b)(6) or (k) of this section, the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.
Id.
Subsection (g) governs appeals and provides that if the hearing in subsection (f) is conducted by a local educational agency, "any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." Id. § 1415(g)(1). "The State educational agency shall conduct an impartial review of the findings and decision appealed under paragraph (1). The officer conducting such review shall make an independent decision upon completion of such review." Id. § 1415(g)(2). Any party who does not have the right to appeal under subsection (g) and any party aggrieved by the findings and decision made at an administrative hearing has the right to bring a civil action in any state court of competent jurisdiction or in a district court of the United States. Id. § 1415(i)(2)(A).
Subsection (h) of Section 1415 sets forth the procedural safeguards applicable to the due process hearing. The portion of Section 1415(h) pertinent to your inquiry states:
 Any party to a hearing conducted pursuant to subsection (f) or (k)[2] of this section, or an appeal conducted pursuant to subsection (g) of this section, shall be accorded —
 (1) the right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities;
 (2) the right to present evidence and confront, cross-examine, and compel the attendance of witnesses[.]
Id. (emphasis added) (footnote added).
Procedures for implementing IDEA are found in the Code of Federal Regulations. See 34 C.F.R. pt. 300. Applicable to your inquiry, these regulations reiterate the language of Section 1415(h)(1) that a party to a due process hearing has the right to "[b]e accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities[.]" 34 C.F.R. § 300.509(a)(1) (2006), WL 34 CFR § 300.509. No further explanation is provided with regard to representation at due process hearings.
You ask whether lay persons who provide the "special knowledge or training with respect to the problems of children with disabilities" as described in Section 1415(h)(1) may represent parents in these due process hearings. By the term "represent" you question whether lay advocates may appear on behalf of parents in due process hearings. This could include such actions as presenting evidence and cross-examining witnesses on the parents' behalf.
No Oklahoma court has interpreted this portion of the IDEA. In 2000, the Supreme Court of Delaware ruled that non-attorneys who possess special knowledge and training with respect to problems of children with disabilities engaged in the unauthorized practice of law when they represented families of children with disabilities in due process hearings conducted under the IDEA in the state of Delaware. In re Arons, 756 A.2d 867, 874 (Del. 2000). The court summarized the argument of the Delaware Office of Disciplinary Counsel ("ODC"), the party opposing representation by non-attorneys, as follows:
 It argues that counsel have inherent and presumptive representational ability and authority, while educational consultants do not, and that the statutory language of section 1415(h) neither creates nor implies an equivalence of permissible roles for "counsel" and for "individuals with special knowledge or training."
Id. at 870. In reaching its conclusion that Section 1415(h)(1) does not authorize lay representation, the court found that case law, as well as statutory history, supported the ODC's interpretation. The court relied on the language of the statute itself, finding that "[t]his language confirms the clear distinction that Congress envisioned between the representational role of counsel and the advisory role of non-lawyers." Id. at 871.
The Delaware Supreme Court relied in part on Arons v. NewJersey Bd. of Education, 842 F.2d 58 (3d Cir. 1988). See In reArons, 756 A.2d at 870-71. That case dealt with the predecessor to IDEA, the Education for All Handicapped Children Act ("Act"),20 U.S.C. §§ 1401-1420 (1976 1987 Supp.). Subsection 1415(d)(1) of the Act provided parents wishing to contest the appropriateness of the education their children with disabilities were receiving with the "right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of handicapped children." Arons,842 F.2d at 60.[3]
The New Jersey Administrative Code, 1:6A-4.2, prohibited the payment of fees for non-lawyers representing a party in administrative proceedings. Id. The plaintiff, Marilyn Arons, challenged this provision on the basis that it was preempted by the Act, as the Act "confers on parents the right to be represented by a lay advocate." Id. at 61. Although the issue in that case was whether the lay advocate was entitled to seek fees for her services, the court's analysis is instructive. The court stated:
 The carefully drawn statutory language does not authorize these specially qualified individuals to render legal services. Although the Act does give "[a]ny party to any hearing" the right to "present evidence and confront, cross-examine, and compel the attendance of witnesses," Id. § 1415(d)(2), those functions are not designated to be performed by lay advocates. Furthermore, the statute does not use the word "represent" in subsection (d)(1), as would be expected if Congress intended to place expert and legal counsel on the same footing.
Id. at 62. The court further determined that nothing in the legislative history indicated that Congress intended that "`individuals with special knowledge' would act in a representative capacity." Id.
We agree with the analysis of these two courts that the role of an attorney and the role of an individual with special knowledge or training is distinct. The use of the conjunctive word "and" indicates that parties are entitled to both an attorney and an individual or individuals with special knowledge or training regarding the problems of children with disabilities. This conclusion recognizes that the two roles are not equivalent and serve different functions. An attorney may be able to protect a party's legal rights but may have no expertise in the special area of the educational needs of children with disabilities. On the other hand, a person who has special knowledge or training with respect to the problems of children with disabilities may be able to offer special assistance in that field, but not be skilled in the legal aspects of the due process hearing relating to matters of evidence and procedure. Parents are entitled to both under the IDEA, not one or the other and not one acting as the other.
Furthermore, the legislative history of the statute demonstrates that Congress did not intend to allow for non-attorney representation. The predecessor to IDEA, the Act, provided at 20 U.S.C. § 1415(d)(1) that a party may "be accompanied and advised by counsel and by individuals with special knowledge or training." In 1988, the Third Circuit, inArons interpreted this language to prohibit non-attorney representation. Arons, 842 F.2d at 60. The statute has since been amended several times, but the language regarding being accompanied and advised has remained unchanged.
Several amendments have been made to IDEA that lend credence to our conclusion that the two roles are not equivalent. In requiring the procedural safeguards of Section 1415 to include notice provisions, Congress provided that procedures required by Section 1415 shall include "[p]rocedures that require either party, or the attorney representing a party, to provide due process complaint notice. . . ." 20 U.S.C. § 1415(b)(7)(A) (West, WESTLAW through 2005) (emphasis added). Congress also provided at Section 1415(b)(7)(B) that "a party may not have a due process hearing until the party, or the attorney representing theparty, files a notice that meets the requirements of subparagraph (A)(ii)." The word "attorney" in these provisions is an obvious reference to one who is licensed to practice law rather than an individual with special knowledge or training. This indicates Congress' intent that it is the role of an attorney rather than a layperson to represent a party in a due process hearing conducted pursuant to IDEA. Congress has explicitly included language in other federal statutes to authorize lay representation where such a result was intended.See, e.g., 7 U.S.C. § 2020(e)(7) (West, WESTLAW through 2005) (providing that the Food Stamp Program allows households in the certification process to "be represented . . . by a person other than a member of the household so long as that person has been clearly designated as the representative of that household for that purpose by the head of the household or the spouse of the head, and, where the certification process is concerned, the representative is an adult"); 29 U.S.C. § 722(c)(3)(B) (West, WESTLAW through 2005) (stating the procedures for review through an impartial due process hearing under the Vocational Rehabilitation and Other Rehabilitation Services Act shall, at a minimum, "include provisions to allow an applicant or an eligible individual to be represented in the mediation session or hearing by a person selected by the applicant or eligible individual"). This demonstrates that Congress knows how to provide for authorization to allow lay representation. The fact that Congress has not done so in IDEA is further evidence that Congress did not intend to allow for lay representation.
The plain language of the statute as well as the purpose to be served by the two distinct roles identified in the statute leads us to conclude that 20 U.S.C. § 1415(h)(1) does not authorize a lay person with special knowledge and training with respect to the problems of children with disabilities to represent a parent in a due process hearing under IDEA.
 OKLAHOMA POLICIES REGARDING THE DUE PROCESS HEARING REQUIREMENT OF IDEA
Although IDEA authorizes due process hearings and sets forth procedural safeguards, the hearings are to be conducted in accordance with state law. 20 U.S.C. §§ 1415(a), 1415(f)(1)(A) (West, WESTLAW through 2005). This principle is limited only where IDEA and the regulations implementing it mandate different or more stringent procedural protections than state law. See20 U.S.C. § 1415(b)(1); Murphy v. Timberlane Reg'l Sch. Dist.,22 F.3d 1186, 1196 (1st Cir. 1994); Town of Burlington v. Dep't ofEduc., 736 F.2d 773, 781 (1st Cir. 1984). As IDEA does not authorize lay representation, we must determine whether such representation is authorized by state law.
Title 70 O.S. 2001, § 3-104[70-3-104](2) authorizes the Department to "[a]dopt policies and make rules for the operation of the State Department of Education and the public school system of the state[.]" The Department's Special Education Policies andProcedures Manual, at page 163, states that upon request for a due process hearing, the Department will send the parties theDue Process in Special Education Guidelines for Parents andSchool Administrators (1993) [hereinafterGuidelines].[4] This publication acknowledges that the due process hearing is an administrative procedure, not a court of law. Guidelines, VIII(A), at 11. The publication states that federal statutes and regulations "leave the development of administrative law and procedure for [due process] hearings to the individual states." Id.
The Guidelines explain each party's rights and responsibilities concerning the education of children and youth with disabilities and the procedures that will be used to conduct the due process hearing. The publication states generally that any party has "[t]he right to be accompanied and advised by legal counsel and/or by individuals with special knowledge or training with respect to the problems of children with disabilities."Id. at App. C, SDE-Form 1, ¶ 1. The publication specifically discusses legal counsel and provides that "[l]egal representation is not a requirement for a hearing." Id. III(A)(1)(c), at 3.
In discussing the procedures for the due process hearing theGuidelines mention the term "representative" a number of times. The publication provides that, "[I]n certain instances, the party or their representatives may wish to investigate a witnesses [sic] background to obtain information regarding credentials, qualifications and training." Id. VII(C)(2), at 9. The publication provides that a pre-hearing conference will be held on the day of the hearing upon arrival of both parties. Id.
VII(F), at 11. At that time the hearing officer will meet with the parties' representatives to do a number of things, including: identifying representatives, clarifying the purpose of the hearing, establishing hearing protocol, and questioning the parties regarding preliminary problems, objections or questions.Id. It provides that the opening statement by the hearing officer shall include "[I]ntroduction of persons representing each party (name, position, address)[.]" Id. VIII(B)(1)(a)(3), at 12. When discussing the opening statement by the parties the publication provides that "[t]he representative of the complaining party (the party requesting the hearing) shall present its position in a brief oral statement" and that "[t]he representative of the responding party shall present its position in a brief oral statement." Id. VIII(B)(2)(a), (b), at 12. Regarding closing statements, the publication provides that the representative of each party "shall summarize its position in a brief oral statement." Id. VIII(B)(4)(a), at 13. Nothing in theGuidelines provides authority for legal representation by lay persons.
Under the rules of the Oklahoma Supreme Court, "[n]o person, corporation, partnership, or any other entity (hereinafter collectively referred to as `person'), shall practice law in the State of Oklahoma who is not an active member of the [Oklahoma Bar] Association, except as herein provided." 5 O.S. 2001, ch. 1, app. 1, art. II, § 7(a).[5] "The membership of the Association shall consist of those persons who are, and remain, licensed to practice law in this State." Id. ch. 1, app. 1, art. II, § 1. Thus, a person who is not a licensed attorney may not practice law in Oklahoma.[6] This category of persons includes persons with special knowledge or training with respect to problems of children with disabilities who are not attorneys.
Courts have acknowledged that it is difficult to define what constitutes the practice of law. See Utah State Bar v.Summerhayes Hayden, 905 P.2d 867, 869 (Utah 1995); State exrel. Frieson v. Isner, 285 S.E.2d 641, 649 (W.Va. 1981). Ultimately, each individual situation must be examined on a case-by-case basis to determine whether the particular acts involved constitute the practice of law. Summerhayes Hayden,905 P.2d at 870; State ex rel. Stephan v. Williams,793 P.2d 234, 240 (Kan. 1990). We can, however, state that the Oklahoma Supreme Court in R.J. Edwards, Inc. v. Hert, 504 P.2d 407
(Okla. 1972), has discussed in broad terms what constitutes the practice of law in Oklahoma by stating:
 Our decisions definitely spell out the concept of the practice of law: the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent.
Id. at 416. The court noted that this same concept has been repeatedly applied in other jurisdictions. Id. As stated by the West Virginia Supreme Court of Appeals:
 [D]ecisions stress that the practice of law is not limited to the conduct of cases before courts, but also includes services rendered outside courts such as[:]
 the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.
Isner, 285 S.E.2d at 650 (quoting W. Va. State Bar v. Earley,109 S.E. 2d 420, 431 (W.Va. 1959)).
As stated above, Section 1415 of IDEA entitled "procedural safeguards," establishes mandatory administrative procedures "to ensure that children with disabilities and their parents [or guardians] are guaranteed . . . safeguards with respect to the provision of a free appropriate public education. . . ."20 U.S.C. § 1415(a). The term "quasi-judicial" is applied to "administrative boards or officers empowered to investigate facts, weigh evidence, draw conclusions as a basis for official actions and exercise discretion of judicial nature." Adams v.Marshall, 512 P.2d 365, 369 (Kan. 1973) (citation omitted). Under this definition, due process proceedings under IDEA are "quasi-judicial" in nature.
In addressing the burden of proof in an administrative hearing conducted pursuant to IDEA, the Supreme Court has characterized these due process hearings as "administrative `impartial due process hearing[s].'" Schaffer, ___ U.S. at ___,126 S. Ct. at 532. The Supreme Court has also referred to the hearings as "state administrative hearing[s]." Rowley, 458 U.S. at 183. Other courts have held that because the proceedings constitute "actions" or "proceedings," parents who prevail in such hearings are entitled to attorneys' fees. McSomebodies v. BurlingameElementary Sch. Dist., 897 F.2d 974, 975 (9th Cir. 1989);Mitten v. Muscogee County Sch. Dist., 877 F.2d 932, 938 (11th Cir. 1989); Duane M. v. Orleans Parish Sch. Bd., 861 F.2d 115,120 (5th Cir. 1988); Eggers v. Bullitt County Sch. Dist.,854 F.2d 892, 894 (6th Cir. 1988). Thus, these are the types of proceedings to which the practice of law applies.
Oklahoma law is clear that non-lawyers may not provide legal services to other parties, and Oklahoma has not provided an exception for lay representation in IDEA hearings. Thus, any attempt by a lay advocate to represent a party by rendering legal services in an IDEA due process hearing constitutes the unauthorized practice of law. This is not to diminish the role of those with specialized knowledge as they serve a critical role in accompanying and advising parents.
As the Supreme Court of Delaware recognized, states have the authority to regulate the practice of law and lay advocates are not subject to a disciplinary process as attorneys are. The court stated:
 This Court does not exercise its inherent authority to regulate the practice of law for the purpose of protecting the financial interests of the lawyer. Our role is to insure that the public will enjoy the representation of individuals who have been found to possess the necessary skills and training to represent others.
Arons, 756 A.2d at 874. The same is true in Oklahoma. The Oklahoma Supreme Court has the "constitutionally-invested power to control and regulate, in this State, the practice of law and the licensing, ethics and discipline of legal practitioners."Tweedy v. Okla. Bar Ass'n, 624 P.2d 1049, 1052 (Okla. 1981). While educational consultants possess certain expertise regarding the educational needs of children with disabilities, they are not trained in the practice of law. To allow non-attorneys to engage in the practice of law would be to allow those neither trained nor skilled in the law to practice without regulation and without being subject to the disciplinary process of attorneys.
Having said this, we acknowledge that it is difficult to ascertain what constitutes the practice of law in any particular situation. Ultimately, whether the performance of certain acts constitutes the unauthorized practice of law in a particular situation is a question of fact, which cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. §§ 1400-1482, was implemented to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A) (West, WESTLAW through 2005).
 2. IDEA guarantees parents the "right to be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities" at due process hearings held pursuant to IDEA. Id. § 1415(h)(1). The language of the statute recognizes the distinction between the two rules and does not provide authorization for non-attorneys to represent parents at due process hearings. See id.
 3. Under Oklahoma law, a person must be a licensed attorney to engage in the practice of law. 5 O.S. 2001, ch. 1, app. 1, art. II, § 7(a). Generally, "the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent" constitutes the practice of law. R.J. Edwards, Inc. v. Hert, 504 P.2d 407, 416 (Okla. 1972). Whether any particular act constitutes the practice of law is a question of fact, which cannot be answered in an Attorney General's Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SANDRA D. RINEHART SENIOR ASSISTANT ATTORNEY GENERAL
[1] In referring to the policies and procedures established by the Oklahoma State Department of Education the Oklahoma Administrative Code, OAC 210:15-13-2(d)(3), states:
 To ensure all public and private agencies are fully and accurately informed of required policies and procedures that must be followed in providing appropriate public education opportunities to children and youth with disabilities, the [Oklahoma State Department of Education] annually distributes copies of its primary resource document POLICIES AND PROCEDURES MANUAL FOR SPECIAL EDUCATION IN OKLAHOMA. This manual was originally conceived as an adjunct to the State Plan and has since evolved into a highly utilitarian guide for designing, implementing, monitoring and evaluating special education programs.
Id.
[2] Subsection (k) governs the authority and procedures for placement of a child with a disability in an alternative educational setting and provides for an appeal process.
[3] This provision is identical to the current Subsection 1415(h)(1), except the term "handicapped children" has been replaced with "children with disabilities."
[4] A copy of this publication is on file with the Attorney General's office.
[5] The exceptions do not apply to the situation you reference in your inquiry.
[6] While the United States Supreme Court guarantees to each person the fundamental constitutional right to self-representation, (see Faretta v. California, 422 U.S. 806
(1975)), this right does not extend to lay representation by those not licensed to practice law. Gille v. State,743 P.2d 654, 657 (Okla.Crim. 1987); Unauthorized Practice of Law Comm.v. Grimes, 654 P.2d 822, 824-26 (Colo. 1982). In Massongill v.McDevitt, 828 P.2d 438 (Okla.Ct.App. 1989), the Oklahoma Court of Civil Appeals specifically discussed the concept of pro se representation and noted that while an individual may, of course, represent himself in a proceeding where he is a party, a person who is not a party may not represent another. Id. 439-40.